## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| James A. Lewis, Jr.<br>    Plaintiff<br><br>v.<br><br>Equifax Information Services, LLC<br>Experian Information Solutions, Inc.<br>Trans Union, LLC<br>Capital One Bank, NA<br>    Defendants | ]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] | Case#: 3:25-CV-53<br><br>**JURY DEMANDED** |

## COMPLAINT

Mr. Lewis, by counsel, files this complaint against the above referenced Defendants for their violation of the Fair Credit Reporting Act.

## PRELIMINARY STATEMENT

1.     This is an action by a consumer seeking actual damages, statutory damages, and punitive damages, attorney fees and costs and for declaratory relief for defendants violation of The Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681 *et seq.*

Jason M. Krumbein, Esq. VSB#43538
Counsel for James A. Lewis, Jr.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

## JURISDICTION, VENUE and JURY DEMAND

2.    This court has jurisdiction, 28 U.S.C. §1331, and pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681p.

3.    This is the proper venue because the plaintiff resides here, and the majority of the actions claimed happened within the confines of the Commonwealth of Virginia.

4.    The court has personal jurisdiction over the defendants because they regularly transact business here, and caused tortious damages, such that they should expect to be hailed into court here.

5.    **TRIAL BY JURY IS DEMANDED.**

## PARTIES

6.    Plaintiff is a natural person and a resident of the Commonwealth of Virginia.

7.    Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(b) and (c).

8.    Equifax Information Services, LLC (hereinafter "Equifax") is a Georgia Limited Liability Company registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

9.    Upon information and belief, Equifax is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, Equifax is regularly

Jason M. Krumbein, Esq. VSB#43538
Counsel for James A. Lewis, Jr.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

a.  Public record information;

b.  Credit account information from persons who furnish that information regularly and in the ordinary course of business.

10.     Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio Corporation registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

11.     Upon information and belief, Experian is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, Experian is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

a.  Public record information;

b.  Credit account information from persons who furnish that information regularly and in the ordinary course of business.

12.     TransUnion, LLC (hereinafter "TransUnion") is an Illinois Limited Liability Company registered with the Virginia State Corporation Commission with a

Jason M. Krumbein, Esq. VSB#43538
Counsel for James A. Lewis, Jr.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

registered agent, and authorized to do business in the Commonwealth of Virginia.

13. Upon information and belief, TransUnion is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, TransUnion is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

   a. Public record information;

   b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

14. Capital One, NA (hereinafter "Capital 1") is a Virginia Corporation National Bank

15. Upon information and belief Capital 1 is a furnisher of information to Experian.

16. Capital 1 will be referred to as "The Furnisher Defendant".

## FACTS

17. Plaintiff was the victim of identity theft.

18. An unknown person opened accounts with Capital One.

19. Capital 1 reported the debt as due, owing and in default.

20. It is false to report that Mr. Lewis owes any money to Capital 1.

Jason M. Krumbein, Esq. VSB#43538
Counsel for James A. Lewis, Jr.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

21.     Plaintiff then disputed each account to each of the three national consumer credit reporting agencies, Equifax, TransUnion and Experian.

22.     On information and belief, each of the three national consumer credit reporting agencies, Equifax, TransUnion and Experian, communicated with Capital 1 and forwarded all relevant information.

23.     On information and belief, upon receipt of the dispute from Equifax, Capital One, verified that the money was owed.

24.     On information and belief, upon receipt of the dispute from TransUnion, Capital One, verified that the money was owed.

25.     On information and belief, upon receipt of the dispute from Experian, Capital One verified that the money was owed.

26.     On information and belief, Equifax conducted no investigation of their own, and parroted the information provided by Capital 1.

27.     On information and belief, TransUnion conducted no investigation of their own, and parroted the information provided by Capital 1.

28.     On information and belief, Experian conducted no investigation of their own, and parroted the information provided by Capital 1.

29.     On information and belief, Capital 1 failed to conduct a reasonable investigation into the account that had been used by a person other than the plaintiff.

30.     On information and belief, Equifax failed to have a procedure to assure maximum possible accuracy by allowing an account that was the result of fraud or identity theft to remain on the credit file of the plaintiff.

Jason M. Krumbein, Esq. VSB#43538
Counsel for James A. Lewis, Jr.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

31.     On information and belief, TransUnion failed to have a procedure to assure maximum possible accuracy by allowing an account that was the result of fraud or identity theft to remain on the credit file of the plaintiff.

32.     On information and belief, Experian failed to have a procedure to assure maximum possible accuracy by allowing an account that was the result of fraud or identity theft to remain on the credit file of the plaintiff.

33.     Plaintiff has disputed to each of the three national consumer credit reporting agencies, Equifax, TransUnion and Experian, explaining that Furnisher Defendants had failed to investigate into the use of the account by an unauthorized person.

34.     On information and belief, The Furnisher Defendant failed to consider all relevant information provided by the consumer and consumer reporting agencies, because if they had been reviewing the documents, they would have known that the account was not used by the plaintiff.

35.     On information and belief, The Furnisher Defendant has failed to modify or delete the false information as, if they had done so, they would have updated the false information to show that the account was not owed.

36.     As a result of the actions and inactions of the defendants, the plaintiff suffered damages, including *but not limited to* mental and emotional distress, and being charged an increased interest rate.

37.     Rather than properly respond to the dispute by Mr. Lewis, and in response to the direct communication between Mr. Lewis and Capital One, Capital One

Jason M. Krumbein, Esq. VSB#43538
Counsel for James A. Lewis, Jr.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

filed a collection lawsuit in Henrico County, Virginia, state court, case number
GV25000341-00.

## <u>COUNT ONE:</u>
## CLAIM FOR RELIEF AS TO FURNISHER DEFENDANT
## 15 U.S.C. §1681s-2[b]

38.     Plaintiff restates and re-alleges all previous paragraphs herein.

39.     Defendants have violated 15 U.S.C. §1681s-2[b][1][A] in that they failed to
        conduct a reasonable reinvestigation of the factual inaccuracies contained in
        plaintiff's credit file.

40.     Defendants have violated 15 U.S.C. §1681s-2[b][1][B] in that they failed to
        review all relevant information provided by Equifax, TransUnion or
        Experian.

41.     Defendants have violated 15 U.S.C. §1681s-2[b][1][E] in that they failed to
        delete information that was inaccurate or could not be verified.

42.

43.     Defendants have caused injury in fact, by causing, among other effects,
        mental and emotional distress, damage to credit reputation, and resulting in
        credit damages to the plaintiff.

44.     Defendants have done so either negligently or willfully.

45.     Plaintiff is entitled to actual damages,, punitive damages, attorney fees and
        costs pursuant to 15 U.S.C. §1681n.

46.     Alternatively, plaintiff is entitled to actual damages, attorney fees and costs
        if the violation is negligent, pursuant to 15 U.S.C. §1681o.

Jason M. Krumbein, Esq. VSB#43538
Counsel for James A. Lewis, Jr.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

## COUNT TWO
CLAIM FOR RELIEF As to Equifax, TransUnion and Experian.
15 U.S.C. §1681e[b]

47.   Plaintiff restates and realleges all previous paragraphs herein.

48.   Defendants have violated 15 U.S.C. §1681e[b] in that they failed to maintain a procedure to assure maximum possible accuracy.

49.   Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation and resulting in credit damages to plaintiff.

50.   Defendants have done so either negligently or willfully.

51.   Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs, pursuant to 15 U.S.C. §1681o.

52.   Plaintiff is entitled to actual damages, attorney fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT THREE
CLAIM FOR RELIEF As to Equifax TransUnion and Experian.
15 U.S.C. §1681i[a]

53.   Plaintiff restates and realleges all previous paragraphs herein.

54.   Defendants have violated 15 U.S.C. §1681i[a][1] in that they failed to conduct a reasonable reinvestigation of the factual inaccuracies contained in the plaintiff's credit file.

55.   Defendants have violated 15 U.S.C. §1681i[a][2] in that they failed to forward all relevant information to the furnisher of the information.

56.   Defendants have violated 15 U.S.C. §1681i[a][4] in that they failed to consider all relevant information provided by the consumer.

Jason M. Krumbein, Esq. VSB#43538
Counsel for James A. Lewis, Jr.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

57.    Defendants have violated 15 U.S.C. §1681i[a][5] in that they failed to delete information that was inaccurate or could not be verified.

58.    Defendants have violated 15 U.S.C. §1681i[a][5][C] in that they failed to a procedure to prevent the occurrence of false, inaccurate, or unverifiable information.

59.    Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation and resulting in credit damages to plaintiff.

60.    Defendants have done so either negligently or willfully.

61.    Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs, pursuant to 15 U.S.C. §1681o.

62.    Plaintiff is entitled to actual damages, attorney fees and costs, pursuant to 15 U.S.C. §1681n.


**WHEREFORE**, the plaintiff, by counsel moves for judgment in an amount to be determined by a finder of fact.


                                        **James A. Lewis, Jr.**

                                        /s/ Jason M. Krumbein, Esq.
                                        Jason M. Krumbein, Esq. VSB#43538
                                        JKrumbein@KrumbeinLaw.com (e-mail)
                                        Counsel for Plaintiff
                                        1650 Willow Lawn Drive, Suite 201
                                        Richmond, VA 23230
                                        804.592.0792
                                        804.823.2565 (fax)

Jason M. Krumbein, Esq. VSB#43538
Counsel for James A. Lewis, Jr.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)